**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**UNITED STATES OF AMERICA,**

v.                                                                            **Criminal Action No. 5:25-CR-28
(BAILEY)**

**PAUL J. HARRIS,**

               Defendant.

## UNITED STATES' MOTION FOR COMPLEX CASE DESIGNATION

Comes now the United States of America and Randolph J. Bernard, Acting United States Attorney for the Northern District of West Virginia, by Jarod J. Douglas and Jennifer T. Conklin, Assistant United States Attorneys for said District, and request the Court to designate this case as complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and Local Rule of Criminal Procedure 16.01(h)(1).

### I. BACKGROUND

On June 3, 2025, a Federal grand jury in Wheeling, West Virginia, returned a 42-count indictment [Doc. 1], charging the defendant with Mail Fraud, Wire Fraud, Bank Fraud, and Unlawful Monetary Transactions, in violation of 18 U.S.C. §§ 1341, 1343, 1344(2), and 1957.

On June 24, 2025, the Court approved the defendant's request to proceed pro se [Doc. 23].

On June 30, 2025, the Court arraigned the defendant and ordered that the trial be held on August 12, 2025, preceded by a pretrial conference on July 31, 2025, with pretrial deadlines to be announced in a forthcoming order [Doc. 27]. Following the arraignment, the defendant filed a notice that he is not requesting disclosure pursuant Federal Rule of Criminal Procedure 16(a)(1)(E), (a)(1)(F), or (a)(1)(G) [Doc. 28].

1

## II.     APPLICABLE LAW

The Speedy Trial Act requires that a defendant be tried within seventy days of the unsealing of the indictment or his initial appearance before a judicial officer, whichever occurs later.  See 18 U.S.C. § 3161(c)(1).  As relevant here, the statute contains an exclusion for matters in which the ends of justice served by delay outweigh the best interests of the public and the defendant in a speedy trial.  See 18 U.S.C. § 3161(h)(7)(A).  In determining whether such an exclusion is appropriate, courts must consider whether the case is so complex that, absent a continuance, it would be unreasonable to expect adequate preparation for trial or pretrial proceedings.  See 18 U.S.C. § 3161(h)(7)(B)(ii).

In making this determination, courts consider "the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law."  Id.  Whether a defendant consents to an ends of justice exclusion is not a factor that a court must consider.  See 18 U.S.C. § 3161(h)(7)(B); United States v. Salad, 779 F.Supp.2d 509, 513-14 (E.D.V.A. 2011); United States v. Lynch, 726 F.3d 346, 355 (2d Cir. 2013); United States v. Herbst, 666 F.3d 504, 510 (8th Cir. 2012); United States v. Stewart, 628 F.3d 246, 254 (6th Cir. 2010).

On appeal, the Fourth Circuit "reviews *de novo* legal conclusions of the district court related to its interpretation of the Speedy Trial Act, while factual findings are reviewed for clear error."  United States v. Stoudenmire, 74 F.3d 60, 63 (4th Cir. 1996).

### III. ARGUMENT

The government argues that the case is so complex due to the nature of the prosecution and the existence of novel questions of fact or law that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act, and requests that the Court designate the case as complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). The defendant, proceeding pro se, has advised the government that he does <u>not</u> consent to its request to designate this case as complex.

**A. The prosecution involves voluminous discovery that is complex and ongoing.**

Ends of justice exclusions and complex case designations can be properly based on the voluminous and complex nature of discovery, including when the government is continuing to receive new discovery materials. <u>See</u> <u>United States v. Smart</u>, 91 F.4th 214, 221-23 (4th Cir. 2024) (affirming ends of justice exclusion based, in part, on "amount of discovery involved"); <u>United States v. Eccleston</u>, 615 Fed.Appx. 767, 770, 776-77 (4th Cir. 2015) (affirming ends of justice exclusion based, in part, on "voluminous discovery"); <u>United States v. Raniere</u>, 2018 WL 4471632, *1 (E.D.N.Y. Sept. 18, 2018) (Garaufis, J.) (citing volume and complexity of discovery where government possessed voluminous electronic data and expected to continue receiving new evidence); <u>United States v. Astra Motor Cars</u>, 352 F.Supp.2d 367, 369 (E.D.N.Y. 2005) (holding that a complex case designation was justified by the "extraordinary volume of discovery").

Here, the indictment arises from an investigation that has produced voluminous discovery that is complex and ongoing. To date, the government possesses discovery of more than 200,000 records comprised of documents, audio recordings, and video recordings, for over 20 gigabytes of data. The documents total over 300,000 pages. There are 32 records containing audio and 25

records containing video. This volume does not include the potentially protected email records that a filter attorney will need to disclose separately to the defendant, as discussed further below. The total volume of the email records exceeds 150 gigabytes. In addition, the government anticipates receiving additional discovery materials soon, including records authorized by order of this Court in May 2025. In sum, the volume of discovery will be immense for a pro se defendant to review under the current pretrial deadlines and trial date, even accounting for the fact that the defendant is an experienced attorney.

The complexity of the discovery arises not only from its volume, however. For example, the investigation involved obtaining a search warrant for email accounts used by the defendant in connection with his law practice. Due to the attorney-client privilege, a filter team was utilized to release only non-privileged material to the prosecution team, here over 1,600 emails. However, to comply with the filter team protocol attached to the warrant documents, the prosecution team will need to coordinate with the filter team to produce the potentially privileged material to the defendant. Beyond adding to the volume of discovery, this qualitative and logistical intricacy provides for an unusually complex discovery process in this case. Moreover, the discovery includes tax information that can add complexities to the discovery process due to special handling of tax information. See 26 U.S.C. § 6103; 26 C.F.R. § 301.6103(i)-(1).

The defendant has stated that he is not requesting discovery under Rule 16(a)(1)(E), Rule (a)(1)(F), or Rule (a)(1)(G) [Doc. 28]. By taking this unusual position, however, the defendant does not eliminate or even materially mitigate the complex nature of discovery in this case, for at least five reasons.

First, the government will disclose voluminous discovery that does not fall into any of the provisions of Rule 16 in an effort to comply with *Brady*, *Giglio*, and *Jencks*.

Second, the government will disclose many discovery materials that fall into the provisions of Rule 16 that the defendant has not waived, including voluminous audio and video recordings containing statements of the defendant, covered by Rule 16(a)(1)(B).

Third, the defendant's waiver of discovery of documents under Rule 16(a)(1)(E) does not affect the government's constitutional obligations under *Brady* or *Giglio* to disclose many of the same documents.  For example, the government possesses bank records related to the defendant's handling of client funds.  *Brady* requires the government to disclose bank records that might reflect a proper handling of client funds on a discrete occasion in the over 11-year period covered by the indictment, records which the defendant might no longer possess.  Out of an abundance of caution, and with the intent to comply with its *Brady* obligations, the government will disclose all the defendant's bank records in its possession.  The same is true for records that witnesses produced to investigators.  With a view toward potential bias of the producing witness, the government will disclose the records, which the defendant is not requesting under Rule 16(a)(1)(E), with the intent to comply with its *Giglio* obligations.

Fourth, the government does not possess results or reports of any physical or mental examination or of any scientific test or experiment that would be material to preparing a defense to the charges in the indictment, as covered by Rule 16(a)(1)(F).

Fifth, even if the government were to make an expert disclosure, what Rule 16(a)(1)(G) requires such a disclosure to contain—a statement of the opinion, the bases and reasons for them,

5

the witness's qualifications, and a list of other cases, during the previous four years, in which the witness has testified as an expert—is not what makes discovery in this case voluminous.

Therefore, the nature of discovery, even after accounting for the defendant's notice that he is not requesting certain Rule 16 disclosures, weighs in favor of designating this case as complex.

### B. The indictment presents complex questions of fact and law.

Ends of justice exclusions and complex case designations can be properly based on the nature of the questions of fact and law presented by the charges. See 18 U.S.C. § 3161(h)(7)(B)(ii); United States v. Freitekh, 2021 WL 4188410, *2 (W.D.N.C. Sept. 14, 2021) (Whitney, J.) (ends of justice exclusion justified because "this is a complex fraud case involving multiple charges of white-collar activity"); Raniere, 2018 WL 4471632 at *1 (complex due to allegations of varied conduct spanning several years).

Here, the indictment contains 42 counts charging mail fraud, wire fraud, bank fraud, and unlawful monetary transactions. The indictment alleges that some of the schemes span over 11 years. The indictment alleges that these schemes targeted at least four alleged victims. The nature of the charges, the time span alleged, the number of victims, and the multiple facets of the schemes charged, on their own, present a complex case. The fact that the defendant is an attorney, the alleged victims were his clients, and the schemes involve his handling of client funds renders this case unusually complex on its face. Beyond the novelty of these facts, the Court will likely be presented with novel questions of law. First, the Court will likely need to decide what, if anything, the jury can hear about the West Virginia Rule of Professional Conduct that governed the defendant's handling of client funds. Second, because some of the criminal allegations overlap with allegations that were addressed in recent lawyer disciplinary proceedings against the

defendant, which resulted in a suspension, the Court will likely need to decide what, if anything, the jury can hear about the disciplinary proceedings and suspension. Third, the Court will likely need to decide what, if any, expert testimony is admissible on the issue of handling client funds. Fourth, because the defendant is proceeding pro se, the Court will likely need to decide what, if any, adjustments need to be made for trial, including, in the event the defendant elects to testify, whether he may give narrative testimony or whether he will required to testify in response to questions posed to him to permit the government an opportunity to object on a question-by-question basis.

Therefore, the nature of the questions of fact and law presented by the indictment weighs in favor of designating this case as complex.

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court designate this case as complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and Local Rule of Criminal Procedure 16.01(h)(1) and vacate the current case schedule pending the filing of a Proposed Complex Case Schedule.

Respectfully submitted,

RANDOLPH J. BERNARD
ACTING UNITED STATES ATTORNEY

By:   /s/ Jarod J. Douglas
Jarod J. Douglas
Assistant U. S. Attorney

and

/s/ Jennifer T. Conklin
Jennifer T. Conklin
Assistant U. S. Attorney

7

## CERTIFICATE OF SERVICE

I, Jarod J. Douglas, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that on the 30th day of June 2025, the foregoing UNITED STATES' MOTION FOR COMPLEX CASE DESIGNATION was electronically filed with the Clerk of the Court using the CM/ECF system and was served on the defendant via facsimile on the same date.

                                        RANDOLPH J. BERNARD
                                      ACTING UNITED STATES ATTORNEY

By:    /s/Jarod J. Douglas
           Jarod J. Douglas
           Assistant U. S. Attorney