IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

UNITED STATES OF AMERICA,

v.   Criminal Action No. 5:25-CR-28
(BAILEY)

PAUL J. HARRIS,

          Defendant.

### UNITED STATES' REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO GOVERNMENT'S MOTION FOR COMPLEX CASE DESIGNATION

Comes now the United States of America and Randolph J. Bernard, Acting United States Attorney for the Northern District of West Virginia, by Jarod J. Douglas and Jennifer T. Conklin, Assistant United States Attorneys for said District, and submit this reply to Defendant Paul J. Harris's Memorandum in Opposition to Government's Motion for Complex Case Designation [Doc. 31]. The government respectfully submits that the Speedy Trial Act factors establish good cause to grant its request to designate the matter as complex for the reasons set forth in its initial Motion [Doc. 29] and as set forth further below.

First, Mr. Harris's response misconstrues the government's motion for complex case designation as a request for more time for the government to prepare for trial.[1] However, the

---

[1] Mr. Harris, in support of his argument that the government has adequate resources to review its discovery, notes that "[f]our Government lawyers appear on the indictment and two government lawyers have attended every hearing thus far." ([Doc. 31] at 2). Both the premise of this argument – as explained in the body of this reply – and one of the factual predicates are flawed. While the government does not believe that the number of attorneys appearing on an indictment is relevant, for the benefit of the record, the government would note that the Acting United States Attorney's name appears on the indictment as the indictment was sought under his authority. The United States Attorney's Office's Asset Forfeiture Attorney's name appears for notice purposes.

1

government's motion is not centered on the government's need, but on the need of the *parties* and the Court to adequately prepare for a trial in a case of this nature. Specifically, considering the novel legal and factual issues – only a few potential issues of which the government identified in its motion – although the government endeavors to raise all such issues expeditiously, not every issue is immediately ripe. For example, Mr. Harris – setting aside that he has relieved himself of the obligation of reciprocal expert notice disclosure under Federal Rule of Criminal Procedure 16(a)(1)(G) – may notice an expert witness when he files his witness list in accordance with the Local Rules. Until that time, the government would have no basis to seek pretrial determination of the propriety of that expert witness's testimony. Such an issue may require a hearing and would almost certainly require adversarial briefing both of which, in a case of this nature, may require more time than in a non-complex case. Indeed, the question of whether testimony on a lawyer's exercise of their duties – which one may argue is an ultimate issue – will certainly require more argument, briefing, and analysis (not only by the parties but by the Court) than the propriety of testimony from an interstate nexus examiner or a lab analyst in a run of the mill gun or drug case.

Second – and continuing along this vein – the government's position is supported by the text of the Speedy Trial Act and the Local Rules. Section 3161(h)(7)(A) specifically states that a court may make an ends of justice finding, including one based on a complex case, "on his own motion." Moreover, the text of the Local Rules similarly allows the Court to so designate sua sponte. See LR Cr P 16.01(h)(1) ("At any time after arraignment, the Court, *on its own or upon motion by any party*, and for good cause shown, may designate a case complex." (emphasis added)). This necessarily means that the Court, even without one or both parties' consent (or over a party's objection), may designate a case complex. Logically so – a trial requires preparation not

2

only by the parties, but by the Court. Complex cases require additional time for pretrial motions, motion in limine practice, pretrial hearings, trial scheduling, jury selection, and a myriad of other issues that may require adversarial briefing, argument, and analysis. In the usual case, the issues may be familiar and straightforward – whether a search warrant was supported by probable cause, for example; by contrast, in this specific, complex case, the Court may be required to analyze the relationship between the offenses charged in the indictment and the Rule of Professional Conduct governing the handling of clients' funds. Adding another layer to this, as discussed above, the Court may then need to address expert witness testimony on the issue, judicial notice of the governing rule, any limitations on what evidence can be presented in this regard, and other ancillary issues.

Third, regarding discovery, the government respectfully submits that Mr. Harris's argument in this regard lends further support to the government's request for a complex case designation. Mr. Harris notes that he is neither aware of records this Court recently ordered be disclosed to the government nor of the government's use of a filter team in connection with a search warrant, facts of which Mr. Harris would not be aware because he has not yet received the voluminous discovery. This exemplifies the complexity inherent in this case: the discovery in a case of this nature is not only voluminous but also complex. This is a case involving allegations of fraud by an attorney over a long period of time and relating to multiple clients.[2] The records

---

[2] Mr. Harris notes that, although the indictment charges conduct related to four clients, two of the clients "are referenced in one count each" and posits that the bulk of the discovery does not necessarily "even directly relate[] to the charges plead in the indictment." ([Doc. 31] at 3). This is inapposite – the relationship between the discovery and discrete counts is irrelevant to the consideration of the discovery and the nature of the charges plays in the complex case analysis, particularly in a case which charges schemes to defraud, acts in furtherance, and executions of that scheme. In other words, the body of relevant and admissible evidence is greater than the evidence

3

are not only dense, but involve confidential tax information, privilege (and waivers thereof), and a bevy of formats. The government does not seek a complex case designation on the ground that it needs more time to familiarize itself with its own evidence; rather, Mr. Harris is not yet aware of the very complexity in the discovery the government has identified – and nor could he be, as he has not yet received the discovery disclosure. And, in this regard, while Mr. Harris's waiver of his right to request certain disclosures under Federal Rule of Criminal Procedure 16 may relieve Mr. Harris of his reciprocal obligations, it does not absolve the government of its obligations under *Brady* and *Giglio*, and thus does not, as he suggests, "lighten" the government's burden of production. After all, despite Mr. Harris's strategic posturing on the issue of discovery, the government does not wish to conduct trial by ambush.

In sum, the government submits that the Speedy Trial Act factors identified in support of its motion for complex case designation constitute good cause under Local Rule 16.01(h)(1). As such, the government respectfully requests that the Court designate this case as complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and Local Rule of Criminal Procedure 16.01(h)(1) and vacate the current case schedule pending the filing of a Proposed Complex Case Schedule.

                Respectfully submitted,

                RANDOLPH J. BERNARD
                ACTING UNITED STATES ATTORNEY

        By:    /s/ Jarod J. Douglas
                Jarod J. Douglas
                Assistant U. S. Attorney

                and

---

necessary to prove the use of an interstate wire or a mailing, such as the evidence necessary to prove the existence of the scheme that the wire or mailing was intended to further.

/s/ Jennifer T. Conklin
Jennifer T. Conklin
Assistant U. S. Attorney

## CERTIFICATE OF SERVICE

I, Jarod J. Douglas, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that on July 3, 2025, the foregoing *United States' Reply to Defendant's Memorandum in Opposition to Government's Motion for Complex Case Designation* was electronically filed with the Clerk of the Court using the CM/ECF system and was served on the defendant via facsimile on the same date.

RANDOLPH J. BERNARD<br>
ACTING UNITED STATES ATTORNEY

By:   /s/Jarod J. Douglas
      Jarod J. Douglas
      Assistant U. S. Attorney