IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

UNITED STATES OF AMERICA,

v.  CRIM. ACT. NO. 5:25-CR-28
Judge Bailey

PAUL J. HARRIS,

Defendant.

### ORDER

Pending before this Court is the Government's Motion for Complex Case Designation [Doc. 29], filed June 30, 2025. Defendant filed a Memorandum in Opposition to the Motion [Doc. 31] on July 2, 2025. The Government filed a Reply [Doc. 32] on July 3, 2025. This matter is ripe for adjudication. For the reasons contained herein, the Government's Motion [**Doc. 29**] will be denied.

### I. BACKGROUND

On June 3, 2025, a federal grand jury returned a 42-count Indictment charging defendant with mail fraud, wire fraud, bank fraud, and unlawful monetary transactions, in violation of 18 U.S.C. §§ 1341, 1343, 1344(2), and 1957. [Doc. 1]. After this Court permitted defendant to proceed *pro se*, defendant was arraigned on June 30, 2025. [Docs. 23 & 30]. Following the arraignment, defendant filed a notice indicating he was not requesting disclosure of discovery materials falling under Rules 16(a)(1)(E), 16(a)(1)(F), and 16(a)(1)(G) of the Federal Rules of Criminal Procedure. [Doc. 28]. The instant Motion followed.

## II. **LEGAL STANDARD**

Criminal defendants have the right to a "speedy and public trial" pursuant to the Sixth Amendment. U.S. Const. amend. VI. In a case where the defendant has entered a plea of not guilty, the trial of the defendant must commence "within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

Certain periods of delay are excludable from the calculation of when trial must commence. Id. at § 3161(h). If the court grants a continuance based upon a finding that "the ends of justice served by [granting a continuance] outweigh the best interest of the public and the defendant in a speedy trial[,]" this period is excludable from the calculation of when trial must commence. Id. at § 3161(h)(7)(A). Among the factors to be considered in granting a continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) are "[w]hether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." Id. at § 3161(h)(7)(B)(ii).

## III. **DISCUSSION**

The Government argues this case is complex and presents multiple novel legal issues; accordingly, the Government argues a complex designation is warranted. [Doc. 29 at 3]. In support, the Government asserts it possesses over 200,000 records consisting of over 300,000 pages of discovery material, as well as over fifty (50) combined audio and

video records. [Id. at 3–4]. The Government asserts discovery is ongoing, and anticipates receiving additional records. [Id. at 4]. There are also emails associated with defendant's law practice, which must be filtered due to attorney-client privilege concerns. [Id.]. Additionally, there is tax information which must be given special handling. [Id.].

While defendant has waived Rule 16(a)(1)(E), Rule 16(a)(1)(F), and Rule 16(a)(1)(G) discovery, the Government argues such waiver does not "eliminate or even materially mitigate the complex nature of discovery" in this matter. [Id]. In support, the Government argues: (1) it is still producing non-Rule 16 discovery to comply with ***Brady v. Md.***, 373 U.S. 83 (1963), ***Giglio v. United States***, 405 U.S. 150 (1972), and ***Jencks v. United States***, 353 U.S. 657 (1957); (2) it is producing many discovery materials not waived by defendant, including audio and video records; (3) defendant's waiver of Rule 16(a)(1)(E) material does not negate the duty of the Government under ***Brady*** and ***Giglio*** to produce many of the same documents; (4) there is no material for the Government to produce pursuant to Rule 16(a)(1)(F); and (5) any Rule 16(a)(1)(G) materials would not factor into the complexity of this case. [Id. at 5–6].

The Government further argues issues of fact and law support a complex case designation. [Id. at 6–7]. In support, the Government points to the multi-year span of the alleged schemes, the number of alleged victims, and the nature of the charges herein. [Id. at 6]. The Government also asserts novel questions of law will need to be decided. [Id. at 6–7]. Such issues include whether the jury can hear about the West Virginia Rules of Professional Conduct's mandates on handling of client funds, defendant's lawyer disciplinary proceedings, and expert testimony regarding handling of client funds. [Id. at

7]. Another issue the Government presents is that the Court will need to decide how defendant shall testify, in the event defendant decides to testify. [Id.].

In his Response, defendant argues the Government cannot satisfy its obligation to show "good cause" under Rule 16 of the Local Rules of Criminal Procedure to support a complex case designation. [Doc. 31 at 1]. Defendant argues the Government chose to bring the case when it did, as the timing of the presentation of the Indictment to the grand jury was within the Government's province. [Id. at 2]. Defendant also argues the Government has sufficient resources to review discovery, and additionally argues that, even if there are over 200,000 records to review, this does not mean every record is germane to the charges in the Indictment. [Id. at 3]. If there are novel issues of fact and law, defendant argues these issues should be promptly presented to the Court for resolution. [Id.].

Here, there is a single defendant. There are only four (4) alleged victims at this time. It is unclear how many witnesses may be required to appear at trial. While discovery may be voluminous, simply because a case involves a lot of documents should not support a "complex" designation. See **United States v. Pikus**, 39 F.4th 39, 53 (2d Cir. June 30, 2022) (expressing doubt that a complex case designation can be based solely on volume of documents involved in the case). This Court has no doubt the Government is able to expediently meet its discovery obligations to defendant, and that the Government has adequate resources to review discovery and prepare for trial.

As for the Government's arguments regarding the nature of the prosecution and the complex questions of law and fact, this Court acknowledges the multi-year nature of the factual background for the charges in this case. Nevertheless, this is a single-defendant

case involving four (4) alleged victims at this time. There is no web of conspiracy to untangle at present. Further, this Court does not believe the legal questions presented in the Government's Motion are supportive of a complex case designation. The issues will be addressed if/when they are properly brought before the Court. Further, questions of trial logistics will also be addressed at the appropriate time. For these reasons, this Court will not designate this case as complex, but remains amenable to granting continuances requested by the parties.

### IV. CONCLUSION

For the reasons contained herein, the Government's Motion [**Doc. 29**] is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and is further directed to mail a copy to the *pro se* defendant.

**DATED**: July 3, 2025.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**