UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 5:25-CR-28 |
| PAUL J. HARRIS, | |
| Defendant. | |

**FILED**

**JUL 2 4 2025**

U.S. DISTRICT COURT- WVND
WHEELING, WV 26003

### DEFENDANT'S MEMORANDUM OF LAW IN RESPONSE TO GOVERNMENT'S MOTION TO DISMISS COUNTS 30 THROUGH 34 [DOC 48] AND DEFENDANT'S REQUEST FOR A HEARING

COMES NOW, Defendant, *pro se*, and requests this Honorable Court conduct a hearing and then dismiss counts 30 through 34 with prejudice.

### Facts

1. Defendant was indicted on June 3, 2025. [DOC 1]

2. The Court entered its scheduling order [DOC 30] on July 1, 2025.

3. On July 9, 2025, the Government filed a motion to continue trial [DOC 36] and represented to the Court an essential witness was not available for trial. The witness presumably would testify about an "omission" by Defendant regarding violations of the bank fraud statute, 18 U.S.C. § 1344(2).

4. On July 11, 2025, Defendant filed his memorandum of law in opposition to the Government's motion to continue [DOC 38] and raised the material misrepresentation requirement for § 1344(2), citing *United States v. Colton*, 231 F.3d 890 (4th Cir. 2000).

5. The Government did not file a reply brief.

-1-

6. Defendant filed a motion to dismiss the indictment and supporting memorandum [DOC 40] on July 16, 2025.

7. By order of the Court entered July 16, 2025, a hearing on the Government's motion to continue was held on July 21, 2025.

8. During the hearing, the Government never disclosed to the Court that it intended to seek dismissal of the bank fraud counts, thereby revealing to the Court its "essential witness" issue was moot.

9. On July 23, 2025, the Government filed its motion to dismiss counts 30 through 34 seeking dismissal without prejudice. The motion fails to contain any reason for the Government's request to dismiss such counts.

### Discussion of Authority

Rule 48 of the Federal Rules of Criminal Procedure provides:

> (a) By the Government. The government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent....

A court has limited discretion with respect to Rule 48 and "must grant the [Rule 48] motion absent a finding of bad faith or disservice to the public interest." *United States v. Perate*, 719 F.2d 706, 710 (4th Cir. 1985) (citing *Rinaldi v. United States*, 434 U.S. 22, 30 (1977).) In *Rinaldi*, (*per curium*), the Supreme Court stated that the "leave of court" language was added to Rule 48(a) "without explanation," but "apparently" the language had as its "principal object....to protect a defendant against prosecutorial harassment." *Id.* At 29 n. 15.

Nowhere in the Government's motion does it explain why it seeks leave of court to dismiss the bank fraud counts of 30 through 34. Without such an explanation, it is difficult for Defendant to respond to the motion. Regardless, Defendant believes if dismissal is granted, the dismissal

-2-

should be with prejudice in order to protect Defendant against prosecutorial harassment per note 15 of *Rinaldi*.

    Defendant believes a hearing should be conducted on the Government's motion so that the Government can explain to the Court why it seeks dismissal of the bank fraud counts.

                                        Defendant,
                                        *Pro se,*

                                        /s/ Paul J. Harris
                                        Paul J. Harris
                                        32 Fifteenth Street
                                        Wheeling, WV 26003
                                        (304) 232-5300

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 5:25-CR-28 |
| PAUL J. HARRIS, | |
| Defendant. | |

### CERTIFICATE OF SERVICE

I hereby certify a true, accurate copy of the foregoing *Defendant's Memorandum of Law in Response to Government's Motion to Dismiss Counts 30 Through 34 [DOC 48] and Defendant's Request for a Hearing* was filed and served via facsimile, this 24th day of July, 2025 to the following:

Jarod J. Douglas, Esq.
Jennifer T. Conklin, Esq.
Morgan McKee, Esq.
Randolph J. Bernard, Esq.
United States Attorney's Office
PO Box 591
1125 Chapline Street, Ste. 3000
Wheeling, WV 26003
(304) 234-0110


/s/ Paul J. Harris
Paul J. Harris

-4-